# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH THOMAS,<br><br>   Plaintiff,<br><br>   v.<br><br>C. OGBEHI, et al.,<br><br>   Defendants. | Case No. 1:15-cv-01059-LJO-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Document 6) |

Plaintiff Josh Thomas ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 10, 2015. On July 14, 2015, the Court dismissed the action without prejudice to refiling accompanied by the filing fee.

On August 13, 2015, Plaintiff filed an "objection" to the dismissal. The Court construes this as a motion for reconsideration.

**A.   LEGAL STANDARD**

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted). The moving party must demonstrate both injury and circumstances beyond his control. *Id.* (quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show

"what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

## B. DISCUSSION

The Court found that Plaintiff was subject to 28 U.S.C. 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

The Court further found that Plaintiff failed to provide facts showing that he was under imminent danger of serious physical injury at the time the complaint was filed. Plaintiff's allegations were vague, and he provided no specific information to support his claim that Defendants refused to provide medically necessary appliances. ECF No. 4, at 2.

In his motion for reconsideration, Plaintiff provides more information. However, the Court's determination was made based on Plaintiff's complaint at the time of filing. Based on his complaint, Plaintiff did not meet the exception. He cannot now use reconsideration to essentially amend his pleading.

This Court's dismissal was without prejudice, which means that Plaintiff can file a new case with a more detailed complaint. His motion for reconsideration is therefore DENIED.

IT IS SO ORDERED.

Dated:  **August 31, 2015**           /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE